**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Albertina Moreno, | No. CV-24-01329-PHX-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

Plaintiff Albertina Moreno appeals from the final decision of the Commissioner of Social Administration which denied her claim for disability insurance benefits. Defendant concedes that the decision is based on reversible error, but the parties dispute whether the Court should remand for further proceedings or an award of benefits. For reasons stated below, the Court will reverse the decision and remand for further proceedings.

**I.   Background.**

Plaintiff is 39 years old, has a college education, and previously worked as a credit adjustment representative. Doc. 8, Administrative Transcript ("Tr.") 40-42, 236. She sustained injuries to her neck, back, right hip, shoulder, and knee in an August 2015 auto accident, and suffered post-concussion migraine headaches after the accident. Tr. 439-40, 652. She had reconstructive hip surgery in October 2016 and revision hip surgery in January 2020. Tr. 652, 665. She continued to experience pain post-surgery despite oral medication, pain relief injections, and physical therapy. Tr. 622, 652, 655, 725, 729, 1141.

Plaintiff applied for disability insurance benefits in September 2020 and alleges an amended disability date of January 16, 2020. Tr. 17, 39, 236-37. The claim was denied by state agency medical consultants at the initial and reconsideration levels. Tr. 101-41. A hearing before an Administrative Law Judge ("ALJ") was held on December 19, 2022. Tr. 36-57. The ALJ issued an unfavorable decision on January 26, 2023. Tr. 14-35.

The ALJ applied the requisite five-step process for determining whether Plaintiff was disabled for at least twelve continuous months during the relevant period – from January 16, 2020, the alleged disability date, to March 31, 2021, the date last insured for benefits. Tr. 18-20; 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1509. Under the five-step process, Plaintiff must show that (1) she has not engaged in substantial gainful activity since the alleged disability date, (2) she has a severe impairment, and (3) the impairment meets or equals a listed impairment or (4) her residual functional capacity ("RFC") – the most she can do with her impairment – precludes her from performing past work. If Plaintiff meets her burden at step three, she is presumed disabled and the process ends. If the inquiry proceeds and Plaintiff meets her burden at step four, then (5) Defendant must show that Plaintiff is able to perform other available work given her RFC, age, education, and work experience. 20 C.F.R. §§ 404.1509, 404.1520(a)(4); Social Security Ruling ("SSR") 96-8p, 1996 WL 374184 (July 2, 1996).

The ALJ found that Plaintiff met her burden at steps one and two because she has not engaged in substantial gainful activity since the alleged disability date and has severe cervical and lumbar spondylosis, right hip labral tear, complex regional pain syndrome, migraine headaches, and obesity. Tr. 20-21. The ALJ found at step three that Plaintiff's impairments do not meet or medically equal the severity of a listed impairment. Tr. 21-22. At step four, the ALJ determined that Plaintiff has the RFC to perform her past work as a credit adjustment representative and other sedentary work with certain restrictions. Tr. 22-29.[1] The ALJ therefore found Plaintiff not disabled within the meaning of the Social

---

[1] Sedentary work involves sitting with occasional standing or walking (up to two hours), lifting no more than 10 pounds, and occasionally lifting or carrying articles like

Security Act. Tr. 29. This decision became Defendant's final decision when the Appeals Council denied review. Tr. 1-6.

Plaintiff filed for judicial review under 42 U.S.C. § 405(g), which provides that the district court may enter "a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." Doc. 1 at 1. Plaintiff alleges that the ALJ erred by rejecting Dr. Michael Castillo's opinions and Plaintiff's symptom testimony. *Id.* at 3-4. Defendant does not address the alleged errors in the answer to the complaint, but admits that a remand is warranted. Doc. 9 at 1. The parties have now briefed the sole issue before the Court – whether the case should be remanded for further administrative proceedings or an immediate award of benefits. Docs. 10-12.

## II.     Remand Legal Standards.

When the ALJ denies benefits and the Court finds reversible error, the Court "ordinarily must remand to the agency for further proceedings before directing an award of benefits." *Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th Cir. 2017). Under certain circumstances, however, the Court may remand for an award of benefits after applying the "credit-as-true" rule. *Id.* "An award under this rule is a rare exception, and the rule was intended to deter ALJs from providing boilerplate rejections without analysis." *Id.*

The credit-as-true rule has three steps. First, the Court asks "whether the 'ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion.'" *Washington v. Kijakazi*, 72 F.4th 1029, 1041 (9th Cir. 2023) (quoting *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1100-01 (9th Cir. 2014)). Second, the Court determines "whether the record has been fully developed, whether there are outstanding issues that must be resolved before a determination of disability can be made, and whether further administrative proceedings would be useful." *Id.* (quoting *Treichler*, 775 F.3d at 1101). And third, "if no outstanding issues remain and

---

docket files, ledgers, and small tools. 20 C.F.R. § 404.1567(a); SSR 96-9p, 1996 WL 374185, at *3 (July 2, 1996).

1  further proceedings would not be useful, only then [does the Court] have discretion to find
2  the relevant testimony credible as a matter of law." *Id.* (quotation marks omitted).

3    "Where an ALJ makes a legal error, but the record is uncertain and ambiguous, the
4  proper approach is to remand the case to the agency." *Leon*, 880 F.3d at 1045 (quoting
5  *Treichler*, 775 F.3d at 1105); *see Dominguez v. Colvin*, 808 F.3d 403, 407-08 (9th Cir.
6  2015) ("District courts retain flexibility in determining the appropriate remedy, and a
7  reviewing court is not required to credit claimants' allegations regarding the extent of their
8  impairments as true merely because the ALJ made a legal error in discrediting their
9  testimony.") (citations and quotation marks omitted); *Brown-Hunter v. Colvin*, 806 F.3d
10 487, 495 (9th Cir. 2015) ("[E]ven if all three requirements are met, we retain 'flexibility'
11 in determining the appropriate remedy. We may remand on an open record for further
12 proceedings 'when the record as a whole creates serious doubt as to whether the claimant
13 is, in fact, disabled within the meaning of the Social Security Act.'") (citation omitted).

**III. Discussion.**

**A.    The Discredited Evidence.**

Because it will inform the remand analysis, the Court will briefly review the discredited evidence – Dr. Castillo's opinions and Plaintiff's testimony.

**1.    Dr. Castillo's Opinions.**

Dr. Castillo is a pain management specialist who has treated Plaintiff since 2015. Tr. 48. Dr. Castillo completed three assessments of Plaintiff's functional limitations and ability to do work-related activities. Tr. 1203-06, 1310-12 (Exs. B18F, B19F, B25F).

In June 2021 and March 2022, Dr. Castillo opined that during an eight-hour workday Plaintiff could sit, stand, and walk for less than two hours while needing to alternate positions every hour; lift and carry less than ten pounds; frequently use her hands; and occasionally bend, reach, and stoop. Tr. 1203-06. Dr. Castillo also opined that Plaintiff would be severely off task due to cognitive limitations, would experience severe headaches and mental fatigue more than four times a month, and would be absent from work more than six days per month. Tr. 1204, 1206.

Dr. Castillo slightly decreased these limitations in October 2022. Tr. 1311-12. He opined that Plaintiff could lift more than ten, but less than fifteen pounds, and would be absent from work two to three days per month. *Id.* Dr. Castillo also noted that Plaintiff's auto accident, right hip surgeries, obesity, and spinal pain contribute to her complex regional pain syndrome. Tr. 1310.

Citing largely normal clinical findings, the ALJ found Dr. Castillo's opinions unpersuasive because they "are an overestimation of the limitations that [Plaintiff] would experience" and "are not consistent with the remaining opinions on record[.]" Tr. 27.

### 2. Plaintiff's Testimony.

Plaintiff testified about her symptoms and daily activities at the administrative hearing and in a written function report. Tr. 41-51, 303-11 (Ex. B8E). She stated that she is unable to work due to her pain syndrome and migraine headaches. She reported suffering daily headaches with sharp pain and sensitivity to noise and light despite oral medication. She treats with Botox injections every three months, which has decreased her headaches to twice a week.

Plaintiff reported constant and sharp pain in her right upper extremity, hip, and leg. Medication and nerve blocks reduce the pain, but do not alleviate it. Plaintiff rests in a recliner with her legs elevated for an hour or more each day, typically takes a nap after lunch, and watches television and reads the news. She is able to make her bed, clean her room, and take care of her personal hygiene, but does her hair and dresses up only on days when she has medical procedures.

She reported being unable to sit for long periods due to leg swelling and lower back and hip pain. She is able to stand for no longer than fifteen minutes, walk no farther than one block, and lift no more than five pounds. She also reported cognitive delays and difficulty with focus, concentration, and sleeping. *See id.*

In discounting Plaintiff's symptom testimony, the ALJ found that "[w]hile the medical records detail symptoms resulting in certain limitations, the objective medical records fail to support the severity of impairments and symptoms alleged[.]" Tr. 23.

### B. Remand for Further Proceedings Is Warranted.

Applying the three-step credit-as-true rule, the Court concludes that it must remand the case for further administrative proceedings.

#### 1. First Step.

The first step of the rule is satisfied. Defendant concedes that the ALJ erred by discounting Plaintiff's testimony based on the lack of objective medical evidence to substantiate the alleged severity of her impairments and symptoms. Doc. 11 at 5-6; *see* 20 C.F.R. § 404.1529(c)(2) ("[W]e will not reject your statements about the intensity and persistence of your pain or other symptoms or about the effect your symptoms have on your ability to work solely because the available objective medical evidence does not substantiate your statements."); *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991) ("[A]n adjudicator may not reject a claimant's subjective complaints based solely on a lack of objective medical evidence to fully corroborate the alleged severity of pain.").

#### 2. Second Step.

Under the second step, Defendant argues that there are outstanding inconsistencies between Plaintiff's symptom testimony and the objective medical evidence that need to be resolved before a determination of disability can be made, and that additional proceedings would be useful to resolve the conflict and fully evaluate Plaintiff's testimony and improvement with treatment. Doc. 11 at 6-8. The Court agrees.

Plaintiff does not dispute that there are inconsistencies between her symptom testimony and objective medical evidence. *See* Doc. 11 at 6-7. Plaintiff instead contends that an ALJ errs when the reason used to discredit a claimant's testimony is inconsistency with objective medical evidence. Doc. 12 at 4. But "[w]hen objective medical evidence in the record is inconsistent with the claimant's subjective testimony, the ALJ may indeed weigh it as undercutting such testimony." *Smartt v. Kijakazi*, 53 F.4th 489, 498 (9th Cir. 2022). This Circuit has "upheld ALJ decisions that do just that in many cases." *Id.* (citations omitted); *see Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) ("While subjective pain testimony cannot be rejected on the sole ground that it is not fully

corroborated by objective medical evidence, the medical evidence is still a relevant factor in determining the severity of the claimant's pain and its disabling effects.") (citing 20 C.F.R. § 404.1529(c)(2)); *Tamera H. v. Comm'r, Soc. Sec. Admin.*, No. 6:20-CV-1428-MO, 2024 WL 68354, at *3 (D. Or. Jan. 5, 2024) ("Plaintiff is correct, that absence of corroborating objective medical evidence is not a clear and convincing reason to discount subjective symptom testimony about pain; conflict with objective medical evidence is, however.  And here, the ALJ relied on several inconsistencies between Plaintiff's testimony and the record – all valid reasons to discount her testimony[.]"); *Tran v. Comm'r of Soc. Sec. Admin.*, No. CV-24-00128-PHX-DGC, 2024 WL 4143421, at *8 (D. Ariz. Sept. 11, 2024) ("Here, the ALJ relied on inconsistencies between Plaintiff's testimony and the medical evidence – a valid reason to discount her testimony."); *see also* SSR 16-3p, 2017 WL 5180304, at *5 (Oct. 25, 2017) (explaining that "objective medical evidence is a useful indicator to help make reasonable conclusions about the intensity and persistence of symptoms").

Plaintiff asserts that the ALJ failed to connect anything specific in the medical record to a specific inconsistency with her symptom testimony.  Doc. 10 at 21.  Plaintiff further asserts that the ALJ failed to explain how normal clinical findings canceled out other findings that support the testimony, and failed to consider reports of improvement in the broader context of Plaintiff's impairments and the record as a whole.  *Id.* at 22; Doc. 12 at 4.  While all agree that the ALJ's decision was defective, the resolution of these issues clearly would be useful in determining whether Plaintiff is disabled under the Social Security Act.  *See Treichler*, 775 F.3d at 1105 ("[T]he record raises crucial questions as to the extent of Treichler's impairment given inconsistencies between his testimony and the medical evidence in the record.  These are exactly the sort of issues that should be remanded to the agency for further proceedings.  Where, as in this case, an ALJ makes a legal error, but the record is uncertain and ambiguous, the proper approach is to remand the case to the agency.") (citations omitted); *Brown-Hunter*, 806 F.3d at 495-96 ("[A]lthough we conclude that the ALJ committed legal error by failing to specify which

7

testimony she found not credible and why, we will not remand for an immediate award of benefits because we are not satisfied that 'further administrative proceedings would serve no useful purpose.' Indeed, the record raises crucial questions about the extent to which Brown-Hunter's pain and accompanying symptoms render her disabled.") (citation omitted); *Strickland v. Comm'r of Soc. Sec. Admin.*, No. CV-17-01944-PHX-DGC, 2018 WL 3416998, at *2 (D. Ariz. July 13, 2018) ("Applying the three-part credit-as-true test, the Court concludes that it must remand to the Commissioner for further proceedings. . . . Defendant points to a number of specific inconsistencies in the medical evidence, which should be resolved by the ALJ on remand.").

Plaintiff contends that the ALJ erred by failing to explain how normal clinical findings are inconsistent with, or fail to support, the extreme functional limitations opined to by Dr. Castillo. Doc. 10 at 15-20. True, but a remand will be useful to allow the ALJ to fully explain why he considered the normal clinical findings to be inconsistent with Dr. Castillo's opinions. *See Bonham v. Comm'r of Soc. Sec. Admin.*, No. CV-23-00103-PHX-DWL, 2023 WL 6805043, at *8 (D. Ariz. Oct. 16, 2023) ("The credit-as-true rule is inapplicable here. Although step one is satisfied in light of the ALJ's failure to provide legally sufficient reasons for discrediting the opinions of Dr. Doust, step two is not – further administrative proceedings would be useful to enable the ALJ to address the analytical deficiencies discussed above, including why the ALJ viewed the largely 'normal' physical examination findings . . . as inconsistent with Dr. Doust's opinions."); *Shayeb v. Comm'r of Soc. Sec. Admin.*, No. CV-22-01784-PHX-DWL, 2023 WL 8183573, at *4 (D. Ariz. Nov. 27, 2023) ("Further proceedings would also be useful for a variety of additional reasons beyond those identified in the R&R. For example, as for Dr. Pereya, the main problem identified in the R&R was the ALJ's failure to provide a sufficiently clear explanation as to why the medical records (which the ALJ summarized at length) actually conflicted with Dr. Pereya's opinions. Further proceedings would be useful to address that topic.").

Further proceedings will also be useful to enable the ALJ to address conflicts in the medical opinion evidence. The state agency medical consultants opined that Plaintiff could perform sedentary work with certain lifting and postural limitations. Tr. 115-18, 134-38 (Exs. B4A, B5A). The ALJ found these opinions persuasive to the extent they are consistent with the ALJ's RFC determination. Tr. 26. The ALJ also found that Dr. Castillo's opinions conflicted with the opinions of the state agency medical consultants. Tr. 27. Further proceedings will allow the ALJ to fully address this conflict. *See Washington*, 72 F.4th at 1042 ("[T]he district court properly identified contradictory evidence in the record appropriate for remand. For instance, the district court noted the conflict between Washington's treating doctor and the consulting medical expert. While Washington's doctor determined that Washington was 'unable to perform even sedentary work activity on a consistent basis, the consulting medical expert concluded that Washington could perform work-related activities with 'certain exertional, postural, and environmental limitations.' . . . As a result, the district court did not abuse its discretion in remanding to the Commissioner to resolve the contested issues."); *Shayeb*, 2023 WL 8183573, at *4 ("The Court also notes that the ALJ deemed 'persuasive' the opinions of the consultative psychological examiner. That determination, which Plaintiff does not challenge on appeal, is difficult to reconcile with the opinions of Dr. Pereya. Although the R&R concludes that the ALJ provided an insufficiently clear explanation as to the perceived conflict, this is another area where further proceedings would be useful.") (citations omitted); *Baker v. Comm'r of Soc. Sec. Admin.*, No. CV-21-08084-PCT-SPL, 2022 WL 2390945, at *6 (D. Ariz. July 1, 2022) ("This Court finds that the ALJ erred by 1) discrediting the medical opinions of Dr. Peace and Dr. Ruzich, and 2) discounting Plaintiff's subjective symptom testimony. . . . Here, it is not clear from the record whether the ALJ would be required to find Plaintiff disabled if all the evidence were properly evaluated. There remain outstanding issues to be resolved given the conflicting medical opinions regarding the extent of Plaintiff's limitations.").

Plaintiff asserts that the opinions of the state agency medical consultants do not constitute substantial evidence to support the rejection of Dr. Castillo's opinion. Doc. 10 at 18. But under the revised regulations regarding the evaluation of medical opinions, ALJs no longer give specific weight to any medical opinions and there is no inherent persuasiveness to opinions from either a claimant's own medical sources or government consultants. *See* Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844 (Jan. 18, 2017); 20 C.F.R. § 416.920c(a); *Cross v. O'Malley*, 89 F.4th 1211, 1214 (9th Cir. 2024); *Woods v. Kijakazi*, 32 F.4th 785, 791 (9th Cir. 2022); *see also Lester v. Chater*, 81 F.3d 821, 831 (9th Cir. 1995) (this Circuit has "upheld the Commissioner's decision to reject the opinion of a treating or examining physician, based in part on the testimony of a nonexamining medical advisor") (citations omitted); *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002) (opinions of nonexamining physicians may "serve as substantial evidence when the opinions are consistent with independent clinical findings or other evidence in the record") (citations omitted).[2]

### 3.     Third Step.

Plaintiff suggests that further proceedings are unnecessary because the ALJ would be required to find her disabled if her symptom testimony were deemed true. Doc. 10 at 24. But this reverses the required order of analysis. As this Circuit has explained, "the district court must 'assess whether there are outstanding issues requiring resolution before considering whether to hold that the claimant's testimony is credible as a matter of law.' If such outstanding issues do exist, the district court cannot deem the erroneously disregarded testimony to be true; rather, the court must remand for further proceedings." *Dominguez*, 808 F.3d at 409 (citing *Treichler*, 775 F.3d at 1105-06). Here, inconsistencies and conflicts in the record raise questions about the severity of Plaintiff's impairments

---

[2] The state agency psychological consultant opined that Plaintiff has no mental impairment. Tr. 110. The ALJ found this opinion persuasive and determined that Plaintiff has not established a medically determinable mental impairment. Tr. 21, 27. Plaintiff does not challenge the ALJ's determination or his reliance on the psychological consultant's opinion.

which preclude the Court from reaching the third step of the credit-as-true rule. *See id.* at 410 ("In light of the inconsistencies, conflicts, and gaps in the record that require further administrative proceedings, we do not proceed to the next question, whether the ALJ would be required to find Dominguez disabled if Dr. Bhakta's inconsistent reports were credited as true."); *Brown-Hunter*, 806 F.3d at 495 ("Importantly, we are to assess whether there are outstanding issues requiring resolution before considering whether to hold that the claimant's testimony is credible as a matter of law. This is because a reviewing court is not required to credit claimants' allegations regarding the extent of their impairments as true merely because the ALJ made a legal error in discrediting their testimony.") (cleaned up); *Strickland*, 2018 WL 3416998, at *3 (declining to reach the third step where the Commissioner identified inconsistencies in the medical evidence to be resolved by the ALJ on remand).

Plaintiff asserts that a remand for further proceedings would simply allow the ALJ to have a "mulligan." Doc. 12 at 7 (citing *Garrison v. Colvin*, 759 F.3d 995, 1021 (9th Cir. 2014)). The Court disagrees. As in this case, *Garrison* involved an ALJ's acceptance of opinions from state agency physicians while rejecting the claimant's testimony and that of her treating physician. *Garrison*, 759 F.3d at 1008-09. In this case, however, medical records and opinions demonstrate that there is a legitimate disagreement as to the severity of Plaintiff's impairments and symptoms, which should be resolved on remand. At the very least, the Court cannot say that "the record clearly contradicted an ALJ's conclusory findings and no substantial evidence within the record supported the reasons provided by the ALJ for denial of benefits." *Leon*, 880 F.3d at 1047; *see also Meaghan M. v. Comm'r, Soc. Sec. Admin.*, No. 1:22-CV-00916-HL, 2023 WL 3816415, at *6 (D. Or. June 5, 2023).

**IV.    Conclusion.**

Because further proceedings will "allow the ALJ to properly assess [Plaintiff's] subjective symptom testimony and [Dr. Castillo's] medical opinion[s], . . . this is not the rare case in which remand for an immediate award of benefits is warranted." *Jones v.*

*O'Malley*, No. 23-16136, 2024 WL 3963835, at *2 (9th Cir. Aug. 28, 2024).  The Court will exercise its discretion and remand to the Commissioner for further proceedings.[3]

**IT IS ORDERED:**

1. The final decision of the Commissioner of Social Security to deny Plaintiff's claim for disability insurance benefits (Tr. 1-6, 14-35) is **reversed** and this case is **remanded** for further administrative proceedings consistent with this order.

2. The Clerk of Court shall enter judgment accordingly and close this case.

Dated this 10th day of February, 2025.

David G. Campbell
Senior United States District Judge

---

[3] Defendant asserts that no new administrative hearing is warranted on remand because the date last insured expired on March 31, 2021.  Doc. 11 at 14.  The Court will not foreclose the option for a new hearing and remands on an open record.  *See* Doc. 12 at 11, n.5.